JDL CONSTRUCTION, INC., a
Washington corporation,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 184–88C.

United States Claims Court.

June 7, 1988.

William B. Moore, Seattle, Wash., for plaintiff; Ferguson & Burdell, of counsel.

William K. Olivier, U.S. Dept. of Justice, Washington, D.C., for defendant, with whom was John R. Bolton, Asst. Atty. Gen.; Lt. Col. Billy Smith, Dept. of Air Force, and Deirdre Macneil, Small Business Admin., of counsel.

## MEMORANDUM OPINION

ROBINSON, Judge.

This case is before the court on plaintiff's application for a temporary restraining order and preliminary injunction. After a hearing on plaintiff's application, held on May 11, 1988, the court informed the parties orally that it would not issue an injunction. This opinion incorporates the substance of the court's reasoning.

### Facts

On July 29, 1987, the U.S. Department of the Air Force issued Invitation for Bid F04626–87–B–0069 for the installation of new windows in existing structures at Tra-

vis Air Force Base (Travis IFB). Plaintiff, a Washington corporation qualifying as a small business pursuant to 15 U.S.C. Section 632, submitted the low bid. However, on October 19, 1987, the contracting officer issued a Determination of Non–Responsibility, finding plaintiff to be non-responsible on the grounds that it had an unsatisfactory record of capacity. Pursuant to 15 U.S.C. Section 637(b)(7), the contracting officer referred the proposed rejection to the SBA to allow plaintiff to file an application for a Certificate of Competency (COC).

Plaintiff submitted to the SBA a completed COC application with supporting data on November 5, 1987. On November 30, 1987, the SBA advised plaintiff that "[t]he performance history of JDL Construction does not provide conclusive evidence that the firm has overcome the contracting officer's non-responsibility determination." The contracting officer sent notice on March 2, 1988, to plaintiff that its bid on the Travis IFB was rejected because the SBA declined to issue to plaintiff a Certificate of Competency. On March 10, 1988, the contracting officer awarded the contract on the Travis IFB to the next lowest bidder.

On January 21, 1988, plaintiff was found to be the low bidder in response to U.S. Department of the Air Force Invitation for Bid F04612–88–B–0002 for the installation of new windows and siding in existing structures at Mather Air Force Base (Mather IFB). The contracting officer determined plaintiff to be "non-responsible for credit and capacity reasons." Again, the contracting officer referred the proposed rejection to the SBA to allow plaintiff to file an application for a COC. Plaintiff submitted to the SBA a timely, completed COC application.

Plaintiff filed on March 21, 1988, its complaint for declaratory judgment and injunctive relief and its application for a temporary restraining order and preliminary injunction. The plaintiff seeks to enjoin the defendant from awarding the contracts on the Travis IFB and the Mather IFB to any entity other than plaintiff. In the event that either contract has been awarded, plaintiff seeks to restrain the defendant from directing or permitting performance of any work under the contract. In addition, plaintiff seeks to enjoin the SBA from withholding a COC without a hearing. Finally, plaintiff requests from this court a declaratory judgment naming it the rightful low bidder.

On March 21, 1988, the court held an informal conference with the parties' counsel at which defendant's counsel advised the court that the Air Force would not award the contract on the Mather IFB until the SBA had completed its review of plaintiff's COC application. Defendant's counsel also confirmed that the contracting officer for the Travis IFB awarded the contract to the next lowest bidder on March 10, 1988.

Plaintiff amended its complaint for declaratory judgment on March 25, 1988. In its amended complaint, plaintiff claims defendant breached an implied-in-fact contract to consider fairly plaintiff's low bid on the Travis IFB. Plaintiff seeks its bid preparation costs and anticipated profits. On March 30, 1988, defendant moved for dismissal of several of plaintiff's claims in the amended complaint for lack of subject matter jurisdiction.

Also on March 25, 1988, a grand jury in the United States District Court for the Eastern District of California indicted plaintiff for making a false claim and making a false statement on a contract with McClellan Air Force Base in violation of 18 U.S.C. Sections 287 and 1001. As a result of the indictment, the Air Force suspended plaintiff from competition for any contracts with any agency in the Executive Branch of the United States Government until completion of the criminal proceedings against it. *See generally* 48 CFR Section 9.407. Also as a result of the indictment, the SBA informed the contracting officer for the Mather IFB on May 5, 1988, that the award of the contract could proceed.

Defendant filed on May 9, 1988, its response to plaintiff's application for temporary restraining order and preliminary injunction and motion for summary judgment. Defendant contends that plaintiff cannot satisfy the requirements for injunc-

tive relief. Further, defendant argues that since there exists a rational basis for each of the contracting officers' determinations of non-responsibility, the defendant did not breach an implied-in-fact contract to fairly consider plaintiff's bids. Thus, defendant contends that it is entitled to summary judgment against plaintiff.

The court held another informal conference with both counsel on May 9, 1988. Defendant's counsel agreed to request the Mather Air Force Base contracting officer to voluntarily delay the award of that contract for an additional three days to allow plaintiff an opportunity for a hearing on its application for a temporary restraining order and preliminary injunction. The court scheduled the hearing for May 11, 1988. On May 11, 1988, plaintiff filed a reply to defendant's response to its application for preliminary injunction. In its reply, plaintiff requests a temporary injunction enjoining the Air Force from proceeding with the award of the Mather Air Force Base contract pending the conclusion of the trial in *USA v. JDL Construction, Inc., et al.*, No. 588–091EJG (E.D.Ca). Plaintiff also seeks a stay of these proceedings pending conclusion of the criminal matter, or until June 30, 1988, whichever is later. Plaintiff contends that it is entitled to the injunction because the Air Force's suspension operates as an unconstitutional bill of attainder which excludes plaintiff from furnishing its services to the government.

## Discussion

### I. *Jurisdiction of this court*

 This court's jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). The Tucker Act, 28 U.S.C. Section 1491, is the central provision granting the government's consent to be sued in this court. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Aetna Casualty & Surety Co. v. United States*, 228 Ct.Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Sec-

tion 1491(a)(3) provides this court with certain equitable power "[t]o afford complete relief on any contract claim brought before the contract is awarded." Pursuant to Section 1491(a)(3), "[t]he court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief." In exercising this power, the court need only "give due regard to the interests of national defense and national security." 28 U.S. C. Section 1491(a)(3).

This legislative grant of equitable jurisdiction is to be strictly construed. *United States v. John C. Grimberg, Co.*, 702 F.2d 1362, 1373 (Fed.Cir.1983). Accordingly, Section 1491(a)(3) has been interpreted as applying only to suits instituted prior to the award of the particular contract at issue. *Id.* Thus, this court cannot exercise its equitable powers over a suit filed after the award of the contract at issue.

Plaintiff has not alleged in its amended complaint that a contract on the Travis IFB had not been awarded prior to the filing of its complaint. Indeed, a contract was awarded on the Travis IFB no later than March 10, 1988, 11 days before plaintiff filed its initial complaint. Therefore, this court has no jurisdiction to enjoin or restrain work from being performed under the contract awarded on the Travis IFB. Thus, the court dismisses for lack of jurisdiction plaintiff's claims for injunctive relief regarding the Travis IFB in the amended complaint. Plaintiff's claims for bid preparation costs on the Travis IFB and injunctive relief regarding the Mather IFB, however, are properly within this court's jurisdiction.

### II. *Injunctive relief*

In order to obtain injunctive relief from this court, a plaintiff must show that: (1) there is a substantial likelihood that it will ultimately prevail on the merits; (2) the injunction is necessary in order to prevent irreparable injury; (3) the threatened injury to it outweighs the possible harm to other parties; and (4) the public interest would be better served by the issuance of

the injunction. *Zenith Radio Corporation v. United States,* 710 F.2d 806, 809 (Fed. Cir.1983). The court is of the opinion that plaintiff has failed to carry its burden of proof, particularly with regard to showing that it will likely prevail on the merits.

■ Relying upon the suspension provisions of the Federal Acquisition Regulations, 48 C.F.R. Section 9.407, the Air Force suspended plaintiff on April 29, 1988, from further contracting with any agency in the Executive Branch of the United States Government. Based upon notification of the suspension, the SBA automatically terminated its inquiry into plaintiff's COC application. Thus, the court views the issue in this case as whether the procedures surrounding the issuance of the suspension were lawful.

Suspension from government contracting is a serious action which is to be imposed only on the basis of adequate evidence, pending the completion of investigation or legal proceedings, when a suspending official has determined that the suspension is necessary to protect the government's interest. 48 CFR Section 9.407-1(b). Section 9.407-2(b) provides that an indictment for commission of fraud or a criminal offense in connection with a public contract or subcontract; violation of Federal or State antitrust statutes relating to the submission of offers; commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property; or commission of any other offense indicating a lack of business integrity that directly affects the present responsibility of a government contractor or subcontractor constitutes adequate evidence for suspension. Thus, pursuant to 48 CFR Sections 9-401(a) and 9-401-3(c), and consistent with principles of fundamental fairness, a suspending official may, in the public interest, suspend an indicted contractor by written notice of the suspension which includes a statement that the suspension is for a temporary period pending the completion of an investigation and such legal proceedings as may ensue; a statement of the causes for the suspension; and a statement of the effect of the

suspension. In addition, the notice must advise the contractor that within 30 days after receipt of the notice, the contractor may submit, in person, in writing or through a representative, information and argument in opposition to the suspension. 48 CFR Section 9-407-3(c)(5).

The court is constrained to find that the Air Force complied with the Federal Acquisition Regulations in issuing the suspension. While plaintiff argues that the suspension provisions that the Air Force followed are unconstitutional, plaintiff simply did not convince the court that there is a substantial likelihood that it would ultimately prevail on the merits of its case. Plaintiff contends that its suspension is a "proscription from any opportunity to serve the Government," which operates as a punishment "of the most severe type." *United States v. Lovett,* 328 U.S. 303, 316, 66 S.Ct. 1073, 1079, 90 L.Ed. 1252 (1946). Yet, the court does not agree that plaintiff's suspension can be characterized as a bill of attainder which inflicts punishment without a judicial trial.

Plaintiff's suspension is not permanent. The suspension terminates upon the completion of investigation and any ensuing legal proceedings. 48 CFR Section 9.407-4(a). If no legal proceedings are initiated against the suspended contractor, the suspension in no event lasts beyond 18 months. Further, the very purpose of the suspension is to protect the government rather than to punish an individual contractor.

From its review of the Federal Acquisition Regulation suspension provisions, this court concludes that the provisions do not deny the plaintiff the safeguards of due process. In *James A. Merritt and Sons v. Marsh,* 791 F.2d 328 (4th Cir.1986), the Fourth Circuit Court of Appeals denied a preliminary injunction to a contractor under indictment, even though the contractor claimed the suspension would cause him to lose 40 percent of his business and force him to lay off 50 percent of his employees. The court stated:

The formalities attendant to issuing an indictment carry sufficient indicia of reli-

ability to allow the government to act to protect itself against future dealings with someone accused of fraud.... In this case the public interest and the potential harm to the government coincide. The proper expenditure of tax dollars is, of course, a primary responsibility of government. It is not only correct for the government to question the integrity of a contractor who has been indicted for the manner in which he carried out military contracts, but failure to do so would be highly irresponsible.... Furthermore, the public interest favors allowing the suspension of contractors indicted for fraud against the government. A preliminary injunction ... ties the government's hands in protecting that public interest.

*Id.* at 331. Regardless of the fact that the suspension is based on an indictment, plaintiff still has an adequate opportunity to oppose the suspension within 30 days after receipt of the suspending official's notice.

The court bases its decision to deny injunctive relief to plaintiff primarily on plaintiff's failure to show that there is a substantial likelihood that it will ultimately prevail on the merits. The court will discuss, however, several other grounds on which it denies plaintiff the relief it seeks.

■ Plaintiff has not shown that the injunction is necessary in order to prevent irreparable injury. As the court has noted, the suspension of plaintiff is not permanent. While the award of the contract on the Mather IFB may be completed before plaintiff opposes the suspension, this court still retains full, equitable jurisdiction over plaintiff's claim. Thus, this court can fashion any relief it deems appropriate should plaintiff ultimately prevail on the merits of its case.

■ Further, plaintiff has not proven that the threatened injury to it outweighs the possible harm to other parties. In exercising discretion regarding the granting of injunctive relief, this court is cognizant of the drastic and extraordinary nature of the remedy. *See CACI, Inc.—Federal v.*

*United States,* 719 F.2d 1567 (Fed.Cir. 1983). This court should not lightly interfere with a government procurement. The defendant has indicated that if the contract award is enjoined, the procurement may be cancelled if, because of the delay, the work cannot be completed in time to be paid for out of current-year appropriations. If the Air Force is forced to cancel the procurement, all of the bidders, including plaintiff, are harmed. In addition, the Air Force is denied the benefit of its planned procurement.

Finally, plaintiff did not convince the court that the public interest would be better served by the issuance of the injunction. Rather, this court believes, as stated in *Merritt,* that "the public interest and the potential harm to the government coincide." *James A. Merritt and Sons v. Marsh,* 791 F.2d at 331.

### Conclusion

This court lacks jurisdiction over plaintiff's claims for injunctive relief regarding the Travis IFB. As there is no just reason for delay, the Clerk is directed to enter judgment pursuant to Rule 54(b) dismissing those portions of the complaint which seek injunctive relief with regard to the award of the contract on the Travis IFB. In addition, this court denies plaintiff's application for a temporary restraining order and preliminary injunction because plaintiff has not shown that it is entitled to injunctive relief. Further, all proceedings in this case are stayed pending resolution of *United States of America v. JDL Construction, Inc., et al.,* No. S88–091EJG (E.D.Ca). Plaintiff shall inform the court by status report when the criminal proceeding has concluded.